JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO KATZ, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN PEZZOLA ET AL., <br><br> Defendants. | Case No. 2:22-cv-03183-CAS-MARx <br><br> ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS |

## I.

## **FACTUAL BACKGROUND**

On December 1, 2021, Plaintiff Leo Katz ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against defendants Jonathan Pezzola and Does 1-10. ECF Docket No. ("Dkt.") 1 at 1, 4–9. Plaintiff appears to assert that the defendants have failed to vacate the property after being served a notice to quit and now seeks costs and damages. Id.

On April 28, 2022, Defendant Beniamino Cattaneo filed a Notice of Removal, invoking the Court's federal question jurisdiction. Id. at 1–3. Defendant also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Dkt. 2.

///

///

## II.

## DISCUSSION

### A. APPLICABLE LAW

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, see Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. Scholastic Ent., Inc. v. Fox Ent. Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

### B. ANALYSIS

Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Dkt. 1 at 1–2. Section 1441 ("section 1441") provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. See 28 U.S.C. § 1441(a). Section 1332(a) provides, in relevant part, that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a). The burden is on Defendant to establish diversity of citizenship and that the amount in controversy exceeds $75,000. See Gaus, 980 F.2d at 566. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking

removal must prove with legal certainty that [the] jurisdictional amount is met." GMAC Mortgage, LLC v. Martinez, No. CV 10-02882 MMM (PLAx), 2010 WL 1931268, at *4 (C.D. Cal. May 10, 2010) (internal quotation marks omitted) (quoting Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007)).

Here, the Complaint seeks past due rent totaling $65,945.00. Dkt. 1 at 7. Based on the amount sought by Plaintiff, the jurisdictional amount is not met. Because the state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, Defendant must prove with legal certainty that the amount in controversy exceeds $75,000. In unlawful detainer actions, "the damages are limited to the rental value of the property during the period of unlawful possession." Nationstar Mortgage LLC v. Stolte, Case No. 13-cv-05539-JCS, 2014 WL 1153336, at *3 (N.D. Cal. Feb. 14, 2014) (citation omitted). Defendant has provided no facts to support that the rental value of the property at issue during the period of allegedly unlawful possession exceeds $75,000. To the extent Defendant claims that the amount in controversy is met because of any purported counterclaims, "[t]he amount of a counterclaim may not be considered in determining the amount in controversy." Mesa Indus. Inc. v. Eaglebrook Products, Inc., 980 F. Supp. 323, 326 (D. Ariz. 1997); see also Guaranty Holdings, Inc. of California v. Dufresne, 1:19-cv-00355-LJO-BAM, 2019 WL 1306929, at *2 (E.D. Cal. Mar. 22, 2019) (amount in controversy is determined without regard to counterclaim). Because Defendant fails to show that the amount in controversy exceeds $75,000, Defendant fails to meet his burden to establish that diversity jurisdiction exists.

Although Defendant does not explicitly invoke the Court's federal question jurisdiction, to the extent Defendant argues there is federal question jurisdiction, there is no federal question apparent from the Notice of Removal or attached exhibits; the underlying Complaint appears to allege only a simple unlawful detainer cause of action. See Wescom Credit Union v. Dudley, No. CV 10-8203-GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action

1  does not arise under federal law.") (citation omitted); IndyMac Federal Bank, F.S.B. v.
2  Ocampo, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13,
3  2010) (remanding an action to state court for lack of subject matter jurisdiction where
4  plaintiff's complaint contained only an unlawful detainer claim). Furthermore, to the
5  extent Defendant argues there is federal question jurisdiction based on any
6  counterclaims or affirmative defenses, it is well settled that a "case may not be
7  removed to federal court on the basis of a federal defense . . . even if the defense is
8  anticipated in the plaintiff's complaint, and even if both parties concede that the
9  federal defense is the only question truly at issue." Caterpillar Inc. v. Williams,
10 482 U.S. 386, 393 (1987).  Furthermore, a case may not be removed based on a
11 federal defense or counterclaim. See id. at 393; Vaden v. Discover Bank, 556 U.S. 49,
12 59, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) (finding federal jurisdiction cannot rest
13 upon an actual or anticipated counterclaim).  Thus, to the extent Defendant's defenses
14 to the unlawful detainer action or any counter claims are based on alleged violations
15 of federal law, those defenses do not provide a basis for federal question jurisdiction.
16 See id. Defendant therefore fails to meet his burden to show that federal question
17 jurisdiction exists.

### III.
### CONCLUSION

20 Accordingly, **IT IS ORDERED** that this case is **REMANDED** to the
21 Superior Court of California, County of Los Angeles, forthwith.

22 **IT IS FURTHER ORDERED** that Defendant's Application to Proceed in
23 District Court Without Prepaying Fees or Costs is **DENIED** as moot.

24 **IT IS SO ORDERED.**

26 Dated: May 24, 2022

_____
HONORABLE CHRISTINA A. SNYDER
United States District Court Judge

4